**City of Chicago, Defendant in Error, v. Harry Meyers, Plaintiff in Error.**

**Gen. No. 15,286.**

APPEALS AND ERRORS—*what not subject to review.* Orders entered after the issuance of a writ of error are not subject to review.

Error to the Municipal Court of Chicago; the Hon. MICHAEL F. GIRTEN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed and remanded. Opinion filed February 14, 1911.

CHARLES E. ERBSTEIN, for plaintiff in error.

GEORGE H. WHITE, for defendant in error; HENRY M. SELIGMAN, of counsel.

MR. JUSTICE BALDWIN delivered the opinion of the court.

Plaintiff in error was arrested upon a charge of violating section 1454 of the Revised Municipal Code of Chicago. He waived a trial by jury, and on the 3rd day of December, 1908, after hearing the testimony

of both sides, the trial judge found him guilty, and imposed a fine of $100. From that judgment he sued out of this court a writ of error on December 30, 1908. It appears, also, that, on the 31st day of December, 1908, the court below entered a fine of $100 against the plaintiff in error in the same proceeding.

The only testimony offered against plaintiff in error at the trial was that of a street car conductor and of a policeman. The former testified that on November 25, 1908, at 6:50 A. M. Harry Meyers, with two other men, got on his car at the Lake Shore depot, and got off at State street; that subsequently they came back and again rode on his car from the same depot to Wentworth avenue; that he notified a policeman that there were three suspicious looking men at the Lake Shore depot, who were riding on the cars for a few blocks. None of the passengers on the car complained of being robbed, but the witness suspected the men were pickpockets.

The policeman testified that at about 8 o'clock on that morning he received a message that there were three suspicious looking men in front of the Lake Shore depot, and that he, with four other officers, went to the depot, where they found plaintiff in error and two others standing inside the station. Upon being asked what they were doing, they said they were waiting for a car. It was raining at the time, and they said they did not wish to go out in the rain, but desired to wait inside until a car came along. They were thereupon arrested and taken to the police station.

For the defense, each of the three persons arrested testified, each giving his residence in Chicago, including the street number. Two of them claimed to be bar tenders, and all claimed to have arrived from Toledo, Ohio, that morning, and Meyers testified that he came to Chicago for the purpose of spending Thanksgiving with his folks. This was all the testimony heard.

City of Chicago v. Meyers, 159 Ill. App. 635.

The city ordinance which it is charged was violated, is not set out in the record. Under the provisions of the Municipal Court act that court was bound to take judicial notice of the city ordinances. Without deciding whether or not this court is bound to take judicial notice of such ordinances in cases coming to it from the Municipal Court, we feel clear that the evidence was entirely insufficient to establish the offense charged, and that, at most, it only justified a suspicion of guilt.

For want of sufficient evidence to sustain the charge against plaintiff in error, the judgment of the court below must be reversed.

The writ of error in this case, issued December 30, 1908, does not bring before us for review any order entered in the court below after that date.

*Reversed and remanded.*

MR. JUSTICE CLARK did not participate in the decision of this case.